KLEIN'S RAPID SHOE REPAIR CO., INC., Plaintiff, v. SHEPPARDEL REALTY CO., INC., and Others, Defendants.*

Supreme Court, New York County, June 12, 1929.

*Arnold Lichtig* and *Herbert A. Mossler* [*Arnold Lichtig* of counsel], for the plaintiff.

*Kahn & Zorn* [*Frederick Zorn* of counsel], for the defendant Sheppardel Realty Co., Inc.

*Goldstein & Goldstein* [*David Goldstein* of counsel], for the defendant 120–122 East Fourteenth Street Corporation.

---

*Affd., *sub nom.* Klein's Rapid Shoe Repair Co., Inc.,* v. 120–122 *East* 14*th St. Corp.,* 228 App. Div. 688.

GLENNON, J. Plaintiff seeks by this action in the form of a declaratory judgment, the adjudication of certain rights, which it claims by virtue of a sublease between it and the Sheppardel Realty Co., Inc. In its prayer for relief it asks: (a) Whether or not plaintiff has a right to erect a partition in the store occupied by it without the written consent of the defendants under the leases; (b) whether or not the defendants unreasonably withheld their written consent to the erection of the partition; (c) whether or not the defendant Sheppardel Realty Co., Inc., has breached and violated its covenant with the plaintiff wherein said defendant Sheppardel Realty Co., Inc., agreed that the consent of the defendants shall not be unreasonably withheld; (d) whether or not the defendant Nos. 120–122 East Fourteenth Street Corporation has the right to declare a forfeiture of the lease between Nos. 114–116 East Fourteenth Street Corporation and Nedlog Realty Company, Inc., should plaintiff erect the said partition without the written consent of the defendant Nos. 120–122 East Fourteenth Street Corporation; (e) whether or not the defendant Sheppardel Realty Co., Inc., has the right to declare a forfeiture of the lease between Sheppardel Realty Co., Inc., and the plaintiff should the plaintiff erect the partition without the written consent of the defendant Sheppardel Realty Co., Inc.

The plaintiff is the sublessee of the defendant Sheppardel Realty Co., Inc. The defendant Nos. 120–122 East Fourteenth Street Corporation is the assignee of a lease of the entire building in which plaintiff's store is situated.

The 15th paragraph of the lease between plaintiff and defendant Sheppardel Realty Co., Inc., provides, so far as material: " It is further mutually covenanted and agreed that the tenants will not assign this lease without first having obtained the written consent of the landlord, but the tenants may sublet the same or any part thereof for any business [with stated exceptions]. In the event of said subletting, tenant shall nevertheless remain liable for the full performance of all the terms and conditions of this lease, as though no such subletting had taken place."

There is no dispute between the parties as to the right of plaintiff to sublet a portion of the premises occupied by him by virtue of the above-quoted clause. The defendants do dispute plaintiff's right to build a partition from the front to the rear of this store for the purpose of subletting a portion of the premises. Plaintiff's right to make alterations is governed by the 4th paragraph of the lease between it and the defendant Sheppardel Realty Co., Inc., which reads: " It is further covenanted and agreed that no alterations shall be made to the demised premises or improvements

thereon, except with the express consent of the landlord and 116–118 East Fourteenth Street Corporation thereto in writing first had and obtained, but said consent shall not be unreasonably withheld. The same rights to change the store front or make any repairs which the superior lease permits the tenant to make are hereby given to the tenant herein."

Bearing in mind that plaintiff has the right to enter into a sub-lease, the 4th paragraph of the lease should be construed to carry the privilege of making any reasonable alterations necessary for plaintiff to carry out the privilege granted it. For the defendants to say that under that paragraph plaintiff is not permitted to erect a temporary partition from the front of the store to the rear is unreasonable.

The alteration such as plaintiff contemplates comes within the spirit of the lease and consequently plaintiff is well within its rights in complaining of the unjust refusal on the part of the defendants to permit it to make the alteration outlined in detail upon the trial of the action. My conclusion, therefore, is that subdivisions (a), (b) and (c) of the prayer for relief should be answered in the affirmative, and subdivisions (d) and (e) in the negative. Settle decision and judgment.