MARNALL STEEL PRODUCTS, INC., Plaintiff, v. IRVING H. BERNARD, Doing Business under the Style and Firm Name MONARCH GARAGE, and LUCY M. NEIPP, Defendants.

County Court, Nassau County, April 14, 1933.

*Emanuel Levy*, for the plaintiff.

*Wright & Wright,* for the defendant Neipp.

BASCOM, J. The following situation was stipulated upon the trial:

The defendant Neipp was and is the owner of certain real property situate upon the Sunrise highway in the town of Hempstead, Nassau county. These premises on April 10, 1931, she leased to Monarch Service Stations, Inc., by written lease executed by Irving H. Bernard, as president, and herself individually.

About October 3, 1931, the plaintiff here installed certain " greasing pits " upon the demised premises then in the possession of Bernard and the Monarch Service Stations, Inc. The evidence discloses that the tenant dug a pit upon the demised premises, substantially sixteen feet long, twenty feet wide and five feet deep, in the bottom of which was an additional excavation four by three by six feet in which to place a tank located beneath the floor of the pit. In this hole was installed a metal structure called a " greasing pit " of a kind common to automobile service stations. The pit when installed supported the surrounding earth.

In the smaller excavation of the pit was installed a metal tank to collect oil coming from automobiles. The four corners of the steel pit rested upon concrete blocks laid upon the ground. By removing the earth from the top of the tank under the floor of the pit, the entire structure could be lifted from the excavation by the attachment of a proper derrick; or it could be taken out piecemeal by removing the nuts on the bolts which held it together — of course, leaving a hole in the ground in which it was installed. The structure when completed was *attached* to the realty, but I do not think *affixed* to it, any more than a gas stove is affixed to an apartment house or a sprinkler system to an hotel.

On November 19, 1931, Mrs. Neipp's tenant was in default in the payment of his rent, and on that day she obtained a judgment in

summary proceedings awarding her the possession of the premises and a money judgment for the rent in default. After November 25, 1931, the defendant Neipp continued in possession of the property. In January, 1932, the plaintiff attempted to remove the metal " greasing pit " which it had sold under a conditional sales contract on September 22, 1931, to Monarch Garage by Irving H. Bernard. This conditional contract of sale was filed by the plaintiff on September 25, 1931, in the proper office. It described the premises by a sufficient description, but did not contain the name of the owner of the premises, the defendant Neipp, and it appears that there was no permission of the owner for the installation of the pit and that its attempted removal was likewise without her permission.

In January, 1932, the defendant Neipp in this action commenced an action against this plaintiff to recover damages for the injury caused by the removal of the pit. Immediately thereafter, this action was commenced in replevin. Subsequently the two actions were consolidated by stipulation and a determination is here sought in each action.

The lease provides: " That at its expiration the tenant may remove any and all gasoline pumps and tanks; the premises to be restored to their original condition." And further: " That all alterations, additions, erections or improvements on said property at the expiration or earlier termination of the lease, excepting furniture or fixtures put in at the expense of the tenant, shall be and become a part of the premises and shall be surrendered with the premises."

Obviously the landlord knew that certain usual and customary equipment for a service station was required and would be installed by the tenant. The lease is drawn with that in view. She knew that certain of this equipment was in the nature of trade fixtures and would be removable. I think that this greasing pit falls in the category of those implements and devices regarded as " trade fixtures." It is designed with that in view. It is removable without injury to the freehold. It sits *in* rather than upon the ground, but while *attached* to the real estate, is not *affixed* to it in the sense in which that word is used; and I hold it retains its character as personal property and is not a chattel real.

There remains for consideration the question of the effect of section 67 of the Personal Property Law. I hold that as to the defendant Neipp this section has no application. The fact that her name did not appear on the statement filed with the recording officer did not prejudice her. She knew who the owner of the property was and she did not deal with Bernard or the Monarch Garage to her prejudice because of the failure of the notice to contain her

name. She is not a mortgagee or subsequent purchaser for value and without the notice which the statute requires. The statute was not designed to permit the owner to satisfy her claim for unpaid rent by acquiring title to the property of the conditional vendor, where to permit the vendor to remove his property would work no substantial injury to the freehold or to the owner of the property.

I am not unmindful of the argument advanced with reference to the instability of the chimney and to the remaining hole in the ground and the caving in of the sides of the excavation, but the difficulty is that the tenant dug the hole. This he had a right to do, and in addition, the excavation may be readily filled in. That difficulty is one which every landlord encounters. This landlord evidently contemplated the back filling of the excavations made for gas tanks and pumps, and in principle I see no difference between such an excavation and the one here in question.

Accordingly, the plaintiff may have judgment for the possession of the pit and the defendant's counterclaim is dismissed, with costs.

Submit findings and judgment accordingly.