■ N. & S. DECOR FIXTURE CO., INC., Respondent, v V. J. ENTERPRISES, INC., Appellant.—In consolidated actions, *inter alia,* to declare that the lease between the parties, as modified by a written agreement, is in full force and effect, the defendant landlord appeals from a judgment of the Supreme Court, Suffolk County, dated June 24, 1976, which, after a nonjury trial, *inter alia,* (1) declared (a) that the lease between the parties was in full force and effect and (b) that certain racks installed by the tenant are trade fixtures and not alterations which required the landlord's consent, and (2) dismissed the summary proceeding commenced by it seeking the eviction of the plaintiff-respondent tenant. Judgment affirmed, with costs. The tenant, N. & S. Decor Fixture Co., Inc., leased a two-story commercial building, mainly constructed of concrete block, from V. J. Enterprises, Inc., for the purposes of selling, at wholesale and retail, and warehousing, electrical, electronic houseware and hardware goods of every kind and description. One of the clauses in the lease provides that the tenant shall not make any alterations without the landlord's consent in writing. Without having obtained such consent, the tenant constructed a metal frame rack to support reels of wire of various sizes, the largest of which weighs between 300 and 400 pounds. The rack is held to the rear wall of the building by some 19 half-inch bolts, approximately 10 inches in length, which go through the concrete block wall to fasteners on the exterior wall. The landlord, claiming that the rack is a structural alteration which creates a hazardous condition, contends that the lease has been violated. We hold that the rack is a trade fixture and, as such, is not violative of the lease. "Non-structural alterations necessary to carry on a tenant's business may be made without the landlord's consent. This is true even where the lease requires that no alterations may be made without the landlord's consent; provided, however, that such alterations will not injure the reversion, and provided, further, that they are reasonably necessary to enable the tenant to use the premises in the manner set forth in the lease" (Rasch, New York Landlord & Tenant [2d ed], § 460; see, also, *Diener v Burghart,* 186 NY Supp 565; *Klein's Rapid Shoe Repair Co. v Sheppardel Realty Co.,* 136 Misc 332, affd *sub nom Klein's Rapid Shoe Repair Co. v 120–122 East 14th Street Corp.,* 228 App Div 688). The rack constructed herein is reasonably related to, and necessary for, the business purpose for which the building was rented. There has been no evidence presented of any damage to the freehold during the three years the rack has been up. The rack is capable of being removed without substantial injury to the premises and any damage so caused may be simply repaired. The rack is, therefore, a trade fixture and not an alteration. In any event, the landlord is estopped from claiming a termination of the lease by reason of the August, 1972 modification thereof, which was executed after the rack had been installed. Margett, Damiani and Rabin, JJ., concur; Hopkins, J. P., concurs in the result, with the following memorandum: I am unable to agree with the majority's construction of the lease, that the alteration made by the tenant did not constitute a violation of its terms. An examination of the photographs in the record, as well as a consideration of the testimony, convinces me that the alteration is structural in character and thereby falls within the prohibition of the lease (cf. *Rumiche Corp. v Eisenreich,* 40 NY2d 174, 179–180). The record also discloses, however, that the landlord entered into a modification of the lease (which was executed in May, 1967) with the tenant in August, 1972, reaffirming the terms of the lease, except as changed. The change did not affect the clause of the lease prohibiting alterations. But, also, the record discloses that, at the time of the modification, the tenant had already made the alteration—in 1970–1971—of which

the landlord now complains. Besides, the alteration was visible from the exterior and the landlord should be charged with the knowledge of the alteration at the time it entered into the modification. This action was commenced in June, 1975. Under these circumstances, I conclude that the landlord is estopped from claiming a termination of the lease by reason of the violation. Unquestionably, the tenant changed its position by the modification and could rightfully rely upon the landlord's acquiescence in the alteration. Accordingly, the conduct of the parties precludes the enforcement of the terms of the lease by the landlord in respect to the offending alteration.