Rogers & Wells, Leo P. Larkin, Charles A. Simmons and Donald F. Luke, New York City, for defendant.

**Ella MANDELBAUM, individually and as tenant in common, and Albert Krupnick, individually and as tenant in common, Plaintiffs,**

v.

**SHELL OIL COMPANY, Defendant.**

**No. CV 80–2065.**

United States District Court, E. D. New York.

Aug. 26, 1980.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge.

Plaintiffs' motion for a preliminary injunction was heard before this court on August 12, 1980. At that time, the court inquired if either party would be prejudiced by advancing the trial on the merits and consolidating it with plaintiffs' motion for a preliminary injunction pursuant to FRCP § 65(a)(2). Plaintiff contended that an issue of fact existed concerning certain policies of defendant Shell Oil Company (Shell); defendant voiced no objections to the consolidation. The court finds that Shell's policy is irrelevant to the disposition of this case, and further finds that plaintiffs' motion for a preliminary injunction is without merit. Therefore, plaintiffs' motion for a preliminary injunction is denied, and, pursuant to FRCP § 65(a)(2), the complaint is dismissed.

Plaintiffs seek to enjoin Shell from removing the gasoline storage tanks and other equipment located at Washington Avenue and Heyward Street, Hamlet of Brentwood, Town of Islip, County of Suffolk, State of New York. The premises are owned by plaintiffs and previously had been leased to Shell for use as a retail gasoline service station. Shell contends it has the right, pursuant to lease terms, to remove any and all of its property from the premises.

Shell leased the premises from November 6, 1959, until July 31, 1980, when the lease term expired. By letters of February 28, 1980, and July 9, 1980, Shell notified plaintiffs, who had succeeded as landlord to the premises, of its intention to remove the storage tanks at issue, rejecting plaintiffs' offer to purchase the tanks at their fair market value. Plaintiffs seek to enjoin defendant from removing the storage tanks and other equipment from the premises, as well as damages in the event the equipment is removed. Judge Bramwell issued a temporary restraining order enjoining defendant from removing the equipment until plaintiffs' motion for a preliminary injunction could be heard.

At the hearing on the preliminary injunction, the parties agreed that the stipulated order of August 4, 1980, extending the terms of the TRO until the conclusion of the hearing on the preliminary injunction, would be further extended to September 2, 1980, or until the court's order on the preliminary injunction was issued. At the hearing, Shell also indicated its willingness to sell to plaintiffs all equipment, with the exception of the storage tanks, at its fair market value. Thus, the only disagreement between the parties concerns Shell's right to remove the underground storage tanks.

Plaintiffs attack Shell's decision to remove the storage tanks as "a wilful destruction of plaintiffs' interest in the premises" giving rise to an action for waste, and emphasize the substantial replacement cost plaintiffs will incur if the tanks are removed. Plaintiffs' memorandum at 6. Plaintiffs also allege that Shell's removal will violate regulations promulgated pursuant to the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. § 751 *et seq.*, specifically 10 CFR §§ 210, 211 (1980).

Shell contends that under the lease terms it has the unconditional right to remove any of its property from the premises, lease ¶ 14, Levine Aff., Ex. 1, and disputes plaintiffs' contention that removal of the tanks will violate the provisions of the EPAA or the applicable regulations.

New York allows an action for waste to be brought against a tenant for years who "commits waste upon the real property held by him, without a special and lawful written license to do so." N.Y. Real Prop. Acts. § 801 (McKinney 1979). Thus even if Shell's removal of the tanks would constitute waste absent the lease provision, New York law appears to preclude such an action where "a lawful written license", such as the lease term here, gives one the right to commit waste on the property. Defendant's memorandum at 27–28.

Moreover, case law does not support plaintiffs' contention that Shell's removal of equipment owned and installed by Shell constitutes waste. In *Rumiche Corp. v. Eisenreich*, 40 N.Y.2d 174, 386 N.Y.S.2d 208, 352 N.E.2d 125 (1976), the New York Court of Appeals reviewed early decision discussing waste in a landlord–tenant setting. The court noted that a tenant is free to make many alterations on the premises during the period of the lease:

> Except as the tenant's rights may be limited by the terms of the lease, the tenant is at liberty to erect structures, or to make non–structural alterations, for the purpose of carrying on legitimate business on the demised premises, and to remove them within the term, provided such structures or alterations will not do any serious injury to the realty * * *. 40 N.Y.2d at 180, 386 N.Y.S.2d at 211, 352 N.E.2d 125 (quoting Rasch, New York Landlord and Tenant) (2d ED.)) (other citations omitted).

In addition, New York precedents support Shell's right to remove any trade fixtures installed to carry on its business during the

period of the lease. *See Crater's Wharf, Inc. v. Valvoline Oil Co.*, 204 A.D. 840, 196 N.Y.S. 815 (2d Dep't 1922); *Marnall Steel Products, Inc. v. Bernard*, 147 Misc. 314, 263 N.Y.S. 485 (Nassau County Ct. 1933), *aff'd mem.*, 241 A.D. 616, 269 N.Y.S. 907 (2d Dep't 1934). The tenant's right to remove equipment owned by it is all the more secure, where, as here, the lease expressly grants tenant a right to do so. The authorities cited by plaintiffs do not suggest to the contrary. Therefore, the court concludes that Shell's exercise of its contractual right to remove the gasoline storage tanks from plaintiffs' premises will not constitute waste.

■ There remains plaintiffs' contention that Shell's removal of the gasoline tanks will contravene the Mandatory Petroleum Allocation Regulations, 10 CFR §§ 210, 211 (1980). The parties agree that Shell is obligated to continue supplying gasoline to any successor operator of plaintiffs' premises at base level. *Id.* §§ 211.9(c), 211.102. The regulations provide that:

> Whenever a wholesale purchaser–reseller is deemed to have gone out of business in accordance with paragraph (c) of this section, [providing that a retail sales outlet shall be deemed to have gone out of business if it vacates the site on which it conducts such business] the right to an allocation with respect to the retail sales outlet shall be deemed to have been transferred to its successor on the site, provided such successor established the same ongoing business on the site within a reasonable period of time, as determined by DOE, after its predecessor vacates the premises. *Id.* § 211.106(e).

Plaintiffs contend that removing the tanks constitutes a modification of Shell's normal business practices so as to circumvent the regulations, in violation of § 210.-62. However, since Shell's supply obligation remains the same regardless of whether old tanks or new tanks are used to store the gasoline, Shell's decision to remove the tanks cannot be said to result in the circumvention of the requirement imposed by the regulations. As stated above, Shell must

continue to supply gasoline under § 211.-106(e) as long as the site is reopened within "a reasonable time". Defendant's expert estimates that the tanks can be replaced and the premises made operational within a 30 day period, or within a maximum period of three months. Diandrea Aff. ¶ 9. In addition, Shell's district manager has stipulated that plaintiffs can take up to one year to replace the tanks and resume operations and Shell will continue to supply gasoline at base period level without contesting whether the site was reopened in a reasonable time. Vander Mel Aff. ¶ 15. There is thus no basis for plaintiffs' contention that removal of the tanks constitutes a violation of the regulations promulgated under the Emergency Petroleum Allocation Act of 1973.

For the foregoing reasons, plaintiffs' motion for a preliminary injunction enjoining Shell from removing the gas tanks is denied.

The court further finds that Shell's rationale for removing the tanks is irrelevant to the final disposition of this case. This being the only additional issue that plaintiffs seek to prove at a separate trial on the merits, the court finds that no prejudice results from advancing the trial on the merits and consolidating it with the hearing on plaintiffs' motion for a preliminary injunction as provided for in FRCP § 65(a)(2). The court finds that plaintiffs' complaint does not provide a basis upon which relief can be granted; accordingly it is dismissed.

SO ORDERED.