■ Board of Managers of Village House, Respondent-Appellant, v Paris B. Frazier, Appellant-Respondent, and Arthur Bressan et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County, entered August 27, 1980 which (1) granted plaintiff's motion for summary judgment and a permanent injunction enjoining defendants Arthur Bressan (Bressan) and Victoria Young (Young) from occupying or otherwise utilizing Apartment Unit 3C of plaintiff condominium until they execute a lease in strict conformity with the condominium by-laws and section 339-o of the Real Property Law; (2) enjoined defendant Paris B. Frazier (Frazier) from leasing or otherwise permitting the occupancy of Unit 3C by the defendants Bressan and Young or any other person or entity other than in strict conformity with the by-laws of the plaintiff and section 339-o of the Real Property Law; (3) directed an assessment of attorney's fees against defendant Frazier and denied Frazier's cross motion for summary judgment dismissing the complaint and denied plaintiff's motion for summary judgment dismissing Frazier's counterclaims, unanimously modified, on the law and the facts, only to the extent of adding a provision permitting

Frazier to allow guests to stay in his apartment, and granting plaintiff's motion for summary judgment dismissing defendant's counterclaim, and otherwise affirmed, without costs. The order appealed from properly prohibited defendant Frazier from subleasing his condominium apartment except in strict conformity with the condominium by-laws and section 339-o of the Real Property Law. As held in the companion action *(Frazier v Board of Managers of Vil. House,* 80 AD2d 1003), Frazier purported to sublease and permitted occupancy of the apartment without complying with the rules of the condominium which obligated the condominium apartment owner to execute an appropriate lease and offer the board of managers a 30-day right of first refusal. The record is clear that defendant has violated the by-laws on a number of occasions, most recently with respect to Bressan and Young, and that plaintiff is entitled to a permanent injunction enjoining Frazier from leasing or otherwise permitting the occupancy of the apartment by defendants Bressan and Young or any other person without executing a lease in strict conformity with the by-laws of the condominium and section 339-o of the Real Property Law. However, the third decretal paragraph of the order appealed from is so phrased as to make it appear that Frazier is not entitled to have guests stay in the apartment unit. There are no restrictions in the by-laws against having guests reside in such units so long as they are truly guests. Accordingly, the third decretal paragraph of the order appealed from should be modified to provide that the injunction does not prohibit guests as occupants. The order appealed from denies plaintiff's motion to dismiss Frazier's counterclaims. However, these counterclaims are substantially the same as the complaint in the companion action *(Frazier v Board of Managers of Vil. House,* 80 AD2d 1003) which we have dismissed. Accordingly, the order should be modified to grant plaintiff's motion to dismiss defendants' counterclaims on this action, and we so direct. Concur — Murphy, P. J., Sandler, Sullivan and Fein, JJ.