■ C. WAYNE MOTORS, INC., Respondent, v EVELYN SOMERS, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 21, 1980 in Essex County, upon a decision of the court at a Trial Term, without a jury. This is an action for specific performance wherein plaintiff seeks to compel defendant to convey to it certain real property pursuant to the exercise of an option in a lease entered into by the parties to this litigation. Following a trial without a jury, the court found that plaintiff was entitled to specific performance and this appeal ensued. There should be an affirmance. The lease in question granted plaintiff the option of purchasing the subject property on certain financial terms. It was also provided in the lease that defendant had the option of requiring plaintiff to purchase the

property in the event that defendant obtained a mortgage upon certain terms that was assumable. The required terms did not include the posting of a $20,000 certificate of deposit. The record reveals that defendant sought to have plaintiff assume a mortgage which required the posting of a $20,000 certificate of deposit. As this varied from the terms of the option, plaintiff was justified in refusing to assume the mortgage and his refusal did not breach the lease. When plaintiff thereafter timely sought to exercise his option to purchase, defendant refused to convey the property at the agreed upon price. In our view, the trial court properly concluded that the lease was not breached by plaintiff's refusal to assume the mortgage at defendant's request as it varied from the terms of the lease and, therefore, plaintiff was entitled under the lease to exercise the option to purchase. It is also argued by defendant that plaintiff breached the lease by making alterations to the premises without first receiving the consent of defendant landlord as required by the lease. A witness on behalf of plaintiff testified that tile plates covered the front and a portion of the sides of a building on the premises; that some of these tiles were missing and some were hanging; that they were not replaceable; and that without the landlord's consent he removed all of the tiles and put up board and batten strips to improve the appearance of the building and for insulation purposes. The lease required plaintiff as tenant to take good care of the premises and to make repairs necessary to preserve the premises in good order and condition. Contrary to defendant's assertions, we are of the opinion that the repairs constituted nonstructural alterations. Such alterations may be made without the consent of the landlord, even though the lease requires a landlord's consent for alterations, provided that they do not injure the reversion and that they are reasonably necessary to enable the tenant to use the premises in the manner set forth in the lease *(Decor Fixture Co. v V.J. Enterprises,* 57 AD2d 890). Pursuant to the lease herein, plaintiff operated a car dealership on the demised premises. Considering the record in its entirety, we conclude that the required conditions have been met concerning the alterations and, accordingly, plaintiff did not breach the lease under the circumstances herein in replacing the deteriorating tiles with board and batten strips. Consequently, the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P.J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.