■ C. WAYNE MOTORS, INC., Respondent, v EVELYN SOMERS, Appellant. — Kane, J. P. Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered March 20, 1984 in Essex County, which granted plaintiff's motion for permission to deposit the sum of $300 with the receiver of certain real property, directed that plaintiff receive a credit for such disbursement and denied defendant's cross motion to have plaintiff vacate the premises.

The underlying action herein sought specific performance of an option clause contained within a lease between plaintiff as tenant and defendant as landlord. After a nonjury trial, defendant was directed to convey the property in question to plaintiff pursuant to the terms of the purchase option contained in the lease. The above direction was affirmed by this court (*Wayne Motors v Somers,* 81 AD2d 964, *lv denied* 54 NY2d 606). An extensive number of further motions ensued, one of which resulted in the judicial appointment of a receiver to transfer the real property in question.

In researching the title, plaintiff became aware that there were certain franchise tax liens which needed to be released in order that the subject real property could be conveyed free of encumbrances. Accordingly, plaintiff moved for permission to pay the necessary sums to discharge the liens to the receiver for the purpose of allowing the receiver to discharge said liens. Plaintiff also requested that Special Term's order provide that plaintiff be entitled to a credit for such sums upon transfer of the subject property. Defendant cross-moved for an order directing plaintiff to vacate the instant property or, in the alternative, directing that defendant need not reimburse plaintiff for the sums necessary to discharge the franchise tax liens. Special Term granted plaintiff's motion and denied defendant's cross motion. This appeal by defendant ensued.

Defendant asserts that plaintiff is not entitled to specific performance because (1) it failed to demonstrate an ability to

perform and (2) it is guilty of laches. A review of the record fails to substantiate these bald allegations and instead reveals that defendant's assertions are wholly lacking in merit. The order must, therefore, be affirmed.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.