■ NATIONAL BANK OF NORTH AMERICA, Respondent, v BROOK SHOPPING CENTERS, INC., Appellant.—In an action for injunctive and declaratory relief, defendant appeals from a judgment of the Supreme Court, Westchester County (Palella, J.), dated September 11, 1984, which, after a nonjury trial, *inter alia,* (1) declared the lease between plaintiff and defendant to be in full force and effect, (2) declared that certain alterations made by plaintiff were not structural in nature and did not require defendant's prior written consent, (3) declared that defendant had unreasonably withheld its consent to plaintiff's alterations, (4) permanently enjoined defendant from evicting plaintiff or otherwise interfering with plaintiff's use of the demised premises for any reason arising from or relating to any fact, circumstances, or transaction within the context of this action, and (5) dismissed defendant's counterclaims. Defendant's notice of appeal dated June 13, 1984 is deemed a premature notice of appeal from the judgment dated September 11, 1984 (CPLR 5520 [c]).

Judgment modified, on the law, by deleting subdivision 3 of the second decretal paragraph thereof which declared that defendant had unreasonably withheld its consent to plaintiff's alterations. As so modified, judgment affirmed, without costs or disbursements.

Nonstructural alterations necessary to carry on a tenant's business may be made without the landlord's consent even where a lease provides that no alterations may be made without such consent *(N. & S. Decor Fixture Co. v V. J. Enters.,* 57 AD2d 890). Here the evidence clearly showed that the modifications necessary for plaintiff's installation of an automatic teller machine were not structural in nature.

Since the trial court properly determined that the defendant's consent was unnecessary, it should not have determined whether such consent was unreasonably withheld. Mangano, J. P., Brown, Rubin and Lawrence, JJ., concur.

■ MARIANNE NOLA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant.—In an action to recover damages for personal injuries, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Rubin, J.), dated November 29, 1983, as denied its motion for summary judgment.