■ FREQUENCY ELECTRONICS, INC., Respondent-Appellant, v WE'RE ASSOCIATES COMPANY et al., Appellants-Respondents, et al., Defendants.—In an action, *inter alia,* to recover damages for the breach of a commercial lease, the defendants We're Associates Company, We're Associates, Inc., Morton Rechler, G. Martin Wexler and Jack Wexler appeal (1), as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Brucia, J.), dated January 28, 1985, as, after a nonjury trial, granted the plaintiff equitable relief on its first, fifth, ninth and tenth causes of action, and dismissed their first, second, fourth and eighth counterclaims, and (2), as limited by their brief, from so much of an order of the same court, entered January 28, 1985, as, upon reargument with respect to the plaintiff's ninth and tenth causes of action, adhered to its original determination granting equitable relief. The plaintiff cross-appeals from so much of the judgment dated January 28, 1985, as granted the appellants-respondents relief on their fifth counterclaim.

Appeal from so much of the judgment as granted the plaintiff relief on its ninth and tenth causes of action dismissed. That portion of the judgment was superseded by the order.

Judgment otherwise modified, on the law, by deleting the ninth decretal paragraph thereof and substituting therefor a provision dismissing the appellants-respondents' fifth counterclaim. As so modified, judgment affirmed insofar as reviewed.

Order affirmed insofar as appealed from.

The plaintiff is awarded one bill of costs.

Special Term properly awarded the plaintiff the declaratory and injunctive relief it sought upon finding that the plaintiff

was not in breach of various provisions of the lease. The plaintiff adequately performed its share of the responsibilities imposed by the lease in regard to parking. However, the defendants abused their inspection right, which was subject to governmental regulations, by entering the demised premises on two occasions with a concealed camera.

The lease provided, *inter alia,* that "[t]he Tenant shall use and occupy the demised premises for the manufacture, distribution and sale of electronic products and similar items" and that the "Tenant shall make no structural alterations in or to the demised premises without Landlord's prior written consent". The plaintiff, without prior written consent, installed exhaust systems, partitioning and air-conditioning units. The evidence showed that these alterations were necessary to enable it as tenant to use the premises in the manner set forth in the lease, were readily removable and would not injure the reversion. Thus the landlord's prior written consent was not necessary *(see, Rumiche Corp. v Eisenreich,* 40 NY2d 174, 180; *N. & S. Decor Fixture Co. v V. J. Enters.,* 57 AD2d 890).* Moreover, these installations were contemplated and in conformity with the previous premises occupied by the plaintiff, which the defendant Rechler inspected prior to entering into the subject lease. The evidence indicates that the plaintiff was in substantial compliance with the covenant to comply with governmental regulations *(see, Vanguard Diversified v Review Co.,* 35 AD2d 102). The appellants-respondents' failure to bill the plaintiff for the water consumption which the plaintiff was obligated to pay for pursuant to the lease precludes them from claiming that the plaintiff breached the lease by failing to make such payments *(see, Malloy v Club Marakesh,* 71 AD2d 614).

The blower-motor portions of the exhaust systems the plaintiff installed were located on the roof of the demised premises. The appellants-respondents' fifth counterclaim asserted that the plaintiff used, occupied and altered the roof of the building without right or permission and in a manner not permitted by the lease. Special Term improperly awarded the appellants-respondents equitable relief limiting the plaintiff's further use of the roof. " 'Except as the tenant's rights may be limited by the terms of the lease, the tenant is at liberty to erect structures, or to make non-structural alterations, for the purpose of carrying on legitimate business on the demised premises, and to remove them within the term, provided such structures or alterations will not do any serious injury to the realty' " *(Rumiche Corp. v Eisenreich,* 40 NY2d 174, 180,

*supra).* Here use of the demised premises was limited to "the manufacturer, distribution and sale of electronic products and similar items" and the plaintiff's installation of the exhaust systems was necessary to carry on its business. The evidence indicated that the systems caused no serious injury to the realty. Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.