■ NEW SCHOOL FOR SOCIAL RESEARCH, Respondent, v SUTTON SPACE, INC., et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (William J. Davis, J.), entered May 21, 1991, which, *inter alia,* permanently enjoined defendants-appellants from allowing any and all persons subletting the store premises or any portion thereof located at 65 Fifth Avenue to sell or display merchandise on the street outside 65 Fifth Avenue or on the exterior or in the entrances to such store premises, or to make alterations to the store premises without first obtaining approval therefor from plaintiff, and directed defendants-appellants to restore the storefront of the store numbered 4 at 65 Fifth Avenue to a condition satisfactory to plaintiff, unanimously affirmed, with costs.

We reject the defendants-appellants' contention that an issue of fact exists as to whether their subtenants have ceased

sidewalk selling in violation of the lease. There is clearly no issue of fact with respect to past violations, and the affidavits and photographic evidence submitted by the parties merely underscore the continuing and potentially recurrent nature of the violations, entitling plaintiff to permanent injunctive relief *(see, Board of Mgrs. v Frazier,* 81 AD2d 760, 761, *amended* 83 AD2d 504, *affd* 55 NY2d 991; *Rosenthal v Helfer,* 136 Misc 2d 9, 11; *State of New York v Midland Equities,* 117 Misc 2d 203, 206-207).

Similarly, with respect to the unauthorized alteration of the storefront by the defendants' subtenant, Hindi Sulian, the installation of double-width entrance doors clearly constituted a substantial structural modification *(see, Two Guys v S.F.R. Realty Assocs.,* 63 NY2d 396, 400) and the record reveals no factual issue as to whether or not plaintiff unreasonably withheld its consent to such alteration. Indeed, defendants have failed to submit any probative evidence demonstrating that such consent was, in fact, sought from plaintiff. We have considered the defendants' remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Wallach and Kupferman, JJ.