■ ISRAEL J. GARROW, III, Respondent, v JAMES SMITH et al., Appellants. [603 NYS2d 635] —Crew III, J. Appeal from an order of the Supreme Court (Conway, J.), entered June 22, 1992 in Albany County, which, *inter alia,* granted plaintiff's motion for partial summary judgment.

Plaintiff, as tenant, and defendants, as landlords, entered into a written lease agreement concerning certain commercial space in the Town of Colonie, Albany County, that plaintiff was to utilize as a pizzeria. The lease provided, insofar as is relevant to this appeal, that plaintiff: "execute and comply with all laws, rules, orders, ordinances and regulations at any time issued or in force *(except those requiring structural alterations),* applicable to the demised premises or to [plaintiff's] occupation thereof, of the Federal, State and Local Governments, and of each and every department, bureau and official thereof, and of the New York Board of Fire Underwriters [emphasis supplied]." Shortly after plaintiff opened his

business, he was allegedly notified by a Colonie Building Inspector that the building was not in compliance with numerous provisions of the applicable State and local fire and building codes and was directed to cease operations until the violations were cured. A dispute thereafter developed as to which party was liable for the repairs needed, thereby giving rise to this lawsuit. Following joinder of issue, plaintiff moved for partial summary judgment and defendants cross-moved for similar relief. Supreme Court, *inter alia,* finding that the repairs needed were structural in nature and, therefore, defendants' responsibility, granted plaintiff's motion. This appeal by defendants followed.

The parties do not dispute that defendants are indeed responsible for structural alterations made to the demised premises; the issue on appeal distills instead to whether the repairs allegedly required are, in fact, structural in nature. "A structural change or alteration is such a change as affects a vital and substantial portion of the premises, as changes its characteristic appearance, the fundamental purpose of its erection, or the uses contemplated, or, a change of such a nature as affects the very realty itself—extraordinary in scope and effect, or unusual in expenditure" (1 Rasch, New York Landlord and Tenant § 15:7, at 677 [3d ed]). *(See,* 74 NY Jur 2d, Landlord and Tenant, § 203, at 246.) Traditionally, the installation of items such as lighting fixtures *(see, e.g., Garland v Titan W. Assocs.,* 147 AD2d 304, 310), tile plates or floor coverings *(see, supra; see also, Wayne Motors v Somers,* 81 AD2d 964, 965, *lv denied* 54 NY2d 606), signs *(see, e.g., 7 W. Foods v Forty-Seventh Fifth Co.,* 109 AD2d 658, 659) and exhaust systems and air-conditioning units *(see, e.g., Frequency Elecs. v We're Assocs. Co.,* 120 AD2d 489, 490) have been deemed not to be structural alterations, while the installation of sewer systems *(see, e.g., Josam Assocs. v General Bowling Corp.,* 135 AD2d 502, 503; *Bush Term. Assocs. v Federated Dept. Stores,* 73 AD2d 943, 944) and substantial modifications to entryways *(see, e.g., New School For Social Research v Sutton Space,* 188 AD2d 341, 342) have been classified as such *(but cf., National Bank v Brook Shopping Ctrs.,* 115 AD2d 461, *lv denied* 68 NY2d 603 [installation of automatic teller machine not a structural alteration]; *Harar Realty Corp. v Michlin & Hill,* 86 AD2d 182, 189, *appeal dismissed* 57 NY2d 607, 836 [installation of spiral staircase constituted nonstructural alteration]; *Marnall Steel Prods. v Bernard,* 147 Misc 314, 316, *affd* 241 App Div 616 [greasing pits regarded as trade fixtures]). As should be apparent from both the quoted defini-

tion and the cited case law, however, what will constitute a structural alteration necessarily depends upon the facts of each case and requires that the nature and extent of the proposed repair or alteration be examined in the context of and in relationship to the structure itself (see generally, Harar Realty Corp. v Michlin & Hill, supra, at 186).

Here, although the affidavit submitted by plaintiff's consulting engineer does delineate the repairs needed including, inter alia, the installation of grease traps, signs, additional lighting and improved ventilation systems, and the modification of the building's entrance and bathroom facilities to make these areas accessible to the physically handicapped, it is not sufficiently detailed to permit this Court to determine whether each of the proposed repairs or alterations is indeed structural in nature. We therefore conclude that plaintiff's motion for summary judgment should have been denied. Finally, inasmuch as defendants failed to offer any evidentiary proof as to the nature and scope of the proposed alterations, Supreme Court properly denied their cross motion for summary judgment dismissing the complaint.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment; said motion denied; and, as so modified, affirmed.