Yorktown Funeral Home, LLC v Kamitis, Inc. (2025 NY Slip Op 02812)

Yorktown Funeral Home, LLC v Kamitis, Inc.

2025 NY Slip Op 02812

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-08933 
2023-10887
2023-10888
 (Index No. 56195/20)

[*1]Yorktown Funeral Home, LLC, appellant,
v
Kamitis, Inc., respondent.

Levin & Glasser, P.C., New York, NY (David Glasser and Leonard A. Rodes of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Andrew P. Tureaud of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to a lease agreement, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 12, 2022, (2) a decision of the same court (Damaris E. Torrent, J.), dated October 31, 2023, and (3) a judgment of the same court dated November 1, 2023. The order granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on the issue of liability on its counterclaims, inter alia, for an award of attorneys' fees pursuant to the lease agreement. The judgment, upon the decision, is in favor of the defendant and against the plaintiff in the principal sum of $104,745.26, including attorneys' fees in the sum of $99,630.26.
ORDERED that the appeals from the order and the decision are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the complaint is reinstated, those branches of the defendant's motion which were for summary judgment dismissing the complaint and on the issue of liability on its counterclaims are denied, the order is modified accordingly, and the decision is vacated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2010, the plaintiff, as tenant, and the defendant, as landlord, entered into a lease agreement with respect to certain premises located in Yorktown. In or around 2012, the plaintiff made several alterations to the premises, including the installation of a mechanical scissor lift. In 2020, the defendant served a notice to cure on the plaintiff, alleging that the plaintiff was in breach of the lease agreement by making alterations to the premises without the defendant's prior written consent. Thereafter, the plaintiff formally attempted to exercise its option to purchase the premises, which the defendant rejected on the ground that the plaintiff breached the lease agreement.
In June 2020, the plaintiff commenced this action, inter alia, for a judgment declaring the rights and obligations of the parties with respect to the lease agreement. The defendant interposed an answer asserting counterclaims for a judgment declaring that the plaintiff violated the lease agreement and for an award of attorneys' fees. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint and on the issue of liability on its counterclaims. In an order dated October 12, 2022, the Supreme Court granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on the issue of liability on its counterclaims and directed an inquest. Following the inquest, in a decision dated October 31, 2023, the court determined that judgment should be entered in favor of the defendant and against the plaintiff in the principal sum of $104,745.26, including an award of attorneys' fees in the sum of $99,630.26. Subsequently judgment was entered in favor of the defendant and against the plaintiff in that sum. The plaintiff appeals from the order, the decision, and the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (see Matter of Aho , 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a]).
The appeal from the decision is dismissed on the ground that no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp. , 100 AD2d 509).
"Non-structural alterations necessary to carry on a tenant's business may be made without the landlord's consent. This is true even where the lease requires that no alterations may be made without the landlord's consent; provided, however, that such alterations will not injure the reversion, and provided, further, that they are reasonably necessary to enable the tenant to use the premises in the manner set forth in the lease" (N. & S. Decor Fixture Co. v V. J. Enters. , 57 AD2d 890, 890 [internal quotation marks omitted]; see National Bank of N. Am. v Brook Shopping Ctrs. , 115 AD2d 461, 461).
Here, the defendant failed to demonstrate, prima facie, that the plaintiff breached the lease agreement by making certain alterations to the premises without the defendant's written consent. The defendant's submissions failed to eliminate triable issues of fact as to whether the alterations, including the installation of the mechanical scissor lift, were reasonably necessary to carry out the plaintiff's funeral home business and whether these alterations caused any permanent injury to the premises (see Frequency Elecs. v We're Assoc. Co. , 120 AD2d 489, 490-491; Harar Realty Corp. v Michlin & Hill , 86 AD2d 182, 189-190). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853). Since the defendant was not entitled to summary judgment dismissing the complaint, it was also not entitled to summary judgment on the issue of liability on its counterclaims.
The plaintiff's remaining contention need not be reached in light of our determination.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court