431 A.2d 353

**Edward L. WIDZISZEWSKI and Bernardette Widziszewski, his wife, Appellants**

v.

**MASHUDA CORPORATION, A Corporation and Charles A. Loughner.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed June 19, 1981.

192

Salvatore F. Panepinto, Charleroi, for appellants.

Charles C. Keller, Washington, for appellees.

Before HESTER, BROSKY and VAN der VOORT, JJ.

PER CURIAM:

This is an appeal from the Order of the Court of Common Pleas of Washington County granting appellees' motion for summary judgment. The procedural history and facts relevant to the issue on appeal are as follows:

Appellants instituted an action in trespass against appellees based upon injuries received in an automobile accident which occurred on October 26, 1976 at approximately 9:30 a. m. At that time appellants were driving in a northerly direction on Legislative Route 62141 in the Borough of Long Branch, Washington County. Appellees' vehicle was being operated in the opposite direction when a 50 gallon drum of antifreeze fell from the truck striking appellants' vehicle and allegedly causing the injuries set forth in appellants' complaint. Appellants sought tort liability under the provisions of Section 301(a)(5)(C) of the No-Fault Act, claiming they were unable to perform their usual and customary activities for a period in excess of 60 days.

Appellees filed an answer and submitted interrogatories to appellants, which were answered. Appellees then filed a motion for summary judgment alleging that appellants failed to meet the threshold requirements of the Pennsylvania No-Fault Act. Appellants filed an affidavit in support of their opposition to the motion, averring that they had been incapacitated for a period substantially in excess of sixty (60) days. The trial court granted the motion for summary judgment and this timely appeal followed.

Appellants contend the court below erred in granting the motion. They allege the requirements of Section 301(a)(5)(C) of the Pennsylvania No-Fault Motor Vehicle Insurance Act had been met.

Section 301 of the Pennsylvania No-Fault Motor Vehicle Insurance Act reads as follows:

"Tort Liability"

(a) *Partial Abolition*—Tort Liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle, except that:

(5) A person remains liable for damages for non-economic detriment if the accident results in:

(C) medically determinable physical or mental impairment which prevents the victim from performing all or substantially all of the material acts and duties which constitute his usual and customary daily activities and which continues for more than sixty consecutive days; Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.301.

Pursuant to Pennsylvania Rule of Civil Procedure 1035, a motion for summary judgment should be granted only if there is no genuine issue as to any material fact after reviewing the pleadings, interrogatories, and any affidavits filed in support or opposition to the motion. The motion should be granted only when the undisputed facts and admissions foreclose any genuine issues of fact after examining the record in the light most favorable to the non-moving party, including the benefit of all reasonable inferences to be drawn. Goodrich-Amram, Section 1035(b)(3).

We must now ascertain whether appellants sustained their allegation of medically determinable impairment which prevented them from performing their usual and customary activities for a period in excess of 60 consecutive days. The medical reports as to appellant-wife show a casual connection between the accident and definite injuries sustained. The bills pertaining to appellant-husband indicate a neurosurgical consultation, office visits, cervical spine X-rays, and physical therapy for almost two months. We note the answers to the interrogatories indicate the nature of the injuries claimed by appellant-husband as a result of the accident as: "Hematoma of forehead; cervical strain, cervical fibromyositis". We cannot agree with the trial court that "medically determinable" means the medical reports or

bills have to indicate an inability to perform usual and customary activities. It is sufficient that medical treatment was received for an injury related to the accident. The legislative purpose in using the words "medically determinable" was to prevent abuse of this provision by individuals who suffered no injury, and required no medical attention, but desired to use their own self-serving statements concerning inability to perform their usual and customary activities, to defeat the intent of the Act to abolish tort liability. Appellant-wife, according to the records, was still suffering from injuries two and one-half years following the accident. Appellant-husband had physical therapy for almost two months thereafter.

We now direct our attention to the affidavit filed by appellants in opposition to the motion for summary judgment. Appellants contend therein that their injuries were of such severity that they were incapacitated for a period substantially in excess of sixty days. Webster defines the word incapacitated as "disabled". The court below noted the absence in the affidavit of the word "consecutive". However, our reading of Section 301 discloses that it is sufficient to indicate a disability substantially in excess of sixty (60) days although the specific statutory language was not used in the affidavit. A disabled person, by definition, could not perform his or her usual and customary activities.

■ An examination of the record reveals a genuine issue of fact.

Our decision today, based upon the current state of the record does not preclude the appellees from making appropriate motions at the conclusion of appellants-plaintiffs case if appellants are unable to, in fact, meet the threshold requirements of Section 301 at that time.

Accordingly, the order of the trial court granting summary judgment is reversed and the case remanded for trial.

VAN der VOORT, J., files a dissenting statement.

196

VAN der VOORT, Judge, dissenting:

I respectfully dissent. In order to state a cause of action under section 301(a)(5)(C) of the Pennsylvania No-Fault Motor Vehicle Insurance Act, appellants had to allege that the accident resulted in medically determinable physical or mental impairment which prevented them from performing all or substantially all of the material acts and duties which constituted their usual and customary daily activities, and which inabilities continued for more than sixty consecutive days. The complaint and affidavit in the case before us simply allege that the male plaintiff suffered restricted motion (in the complaint) and was "incapacitated" (in the affidavit) for more than sixty consecutive days; they do not allege in what way the plaintiffs were injured or that they or either of them were prevented from engaging in all or substantially all of their usual daily activities. In my judgment the averments relating to their injuries are patently inadequate to qualify for claims under the statute. In these circumstances, I would affirm the lower court's order dismissing the case.