■ LONG ISLAND RAIL ROAD COMPANY, Appellant, v INTERBORO MUTUAL INDEMNITY INSURANCE COMPANY, RESPONDENT. — In an action, *inter alia,* to declare the rights of the parties under an insurance policy which was issued by defendant and named plaintiff as an additional insured, plaintiff appeals from so much of an order of the Supreme Court, Queens County (Linakis, J.), dated September 15, 1980, as denied its motion for summary judgment. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, plaintiff's motion is granted, and it is declared (1) that the insurance policy issued by defendant to Farmers Feed Company, effective from February 24, 1975 to February 24, 1976, afforded coverage to plaintiff for Farmers Feed's employee's suit for his injuries sustained August 7, 1975, and (2) that defendant wrongfully denied coverage to plaintiff and wrongfully refused to assume the defense of plaintiff in the suit brought by Farmers Feed's employee, Verzyl, for personal injuries. The matter is remitted to the Supreme Court, Queens County, for an assessment of damages. Plaintiff leased a parcel of land to Farmers Feed Company. As agreed upon in the lease, Farmers Feed procured a public liability damage insurance policy from defendant. The policy contained an additional insured indorsement which amended the "'Persons Insured' provision" of the policy to include plaintiff as an insured. The additional insured indorsement covered "liability arising out of the ownership, maintenance or use" of the land leased to Farmers Feed. An employee of Farmers Feed, Verzyl, was injured while working on the leased property. Plaintiff gave defendant timely notice of the accident and requested that defendant represent and defend it in the case. Defendant refused, but did defend Farmers Feed pursuant to the policy. Plaintiff defended itself. A settlement was reached on the claim by Verzyl against Farmers Feed and plaintiff. The settlement was for $150,000 to be paid by plaintiff and Farmers Feed in equal shares of $75,000. Plaintiff then instituted this action to determine its rights under the insurance policy. The resolution of this action hinges on the interpretation of the insurance policy, specifically, the meaning of the words found in the additional insured indorsement. The indorsement provided plaintiff with coverage "with respect to liability arising out of the ownership, maintenance or use" of the property. The question is whether the claim for the injury to the employee of Farmers Feed comes within these words. Written instruments are to be interpreted by the court. (See *Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169.) The general rule of construction to be used in interpreting insurance policies is that words are to be given their ordinary meaning and, if an ambiguity arises, it should be resolved in favor of the insured. (See *Schiff Assoc. v Flack,* 51 NY2d 692; *State Farm Mut. Auto. Ins. Co. v Westlake,* 35 NY2d 587.) Applying this rule of construction, the words used in the additional insured indorsement include the injury to the Farmers Feed employee on the leased property. Plaintiff is afforded full coverage under the policy and is therefore entitled to summary judgment. Hopkins, J.P. Damiani, Gibbons and Weinstein, JJ., concur.