450 A.2d 1015

**James WILLIAMS, Appellant,**

v.

**Walter DOBRANSKY.**

Superior Court of Pennsylvania.

Argued March 15, 1982.

Filed Sept. 17, 1982.

484

Howard T. Gilfillan, Pittsburgh, for appellant.

Alan Shapiro, Pittsburgh, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting summary judgment because: (1) ordering the case to compulsory arbitration precluded action upon appellee's motion; and (2) appellant had adequately established a genuine issue of material fact as to whether he had suffered a medically determinable physical impairment preventing him from performing substantially all of his customary activities for more than sixty consecutive days. We hold that the compulsory arbitration order did not prohibit the court from entertaining appellee's motion, but determine that summary judgment was inappropriate on the current record. Accordingly, we reverse and remand.

Appellant commenced this action against appellee to recover for personal injuries he had sustained in an automobile accident. On March 19, 1981, appellee filed a motion for summary judgment alleging that appellant had failed to

overcome the statutory bar to his tort action by establishing a medically determinable physical impairment preventing him from performing substantially all of his customary activities for more than sixty consecutive days. On March 23, 1981, the lower court ordered the case to arbitration. Nearly a month later, it granted appellee's motion for summary judgment. This appeal followed.

 Appellant contends first that by ordering the case to compulsory arbitration, the lower court effectively stayed proceedings and thus precluded summary judgment. Although the statutes and rules governing certain forms of voluntary arbitration[1] specifically provide that non-severable judicial actions or proceedings "shall be stayed if a court order to proceed with arbitration has been made," 42 Pa.C. S.A. § 7304, nothing in the relevant statutes and rules governing this compulsory arbitration requires such a stay. 5 P.S. § 21; Pa.R.Civ.P. 1044(d); Allegheny County R.Civ.P. *301 et seq.[2] Thus, there was no statutory or regulatory impediment to the concurrent actions of the court below.[3]

1. "Voluntary arbitration," one of the two basic forms of arbitration under Pennsylvania law, results from the parties agreement, and depending upon that agreement may be conducted under either common-law or statutory procedures. See 42 Pa.C.S.A. § 7304 (statutory arbitration); Runewicz v. Keystone Insurance Co., *476 Pa. 456, 383 A.2d 189 (1977) (voluntary arbitration will be at common-law unless parties expressly agree to statutory arbitration).*

2. "Compulsory arbitration," here involved, is authorized by statute and imposed by local rule upon most civil cases with an amount in controversy below a specified amount. See 5 P.S. § 21 (repealed); 42 Pa.C.S.A. § 7361. See, e.g., Allegheny County R.Civ.P. *301 et seq.; Phila.Ct.R. 180. See generally, S. Feldman, Pennsylvania Trial Guide, Ch. 18 (1973 & Supp.1980). Since May 15, 1981 compulsory arbitration procedures have been specified in part by statewide rule, see Pa.R.Civ.P. 1301–1314, but at the time of the lower court's actions below, were governed by the "practice and procedure of the repealed statute [5 P.S. § 21]." 42 P.S. 20003(b). See Explanatory Comment to Pa.R.Civ.P. 1301–1314 (until May 15, 1981, prior procedure, as amended and modified by Pa.R.Civ.P. 247.1, will remain in effect).

3. To avoid the confusion of unnecessary or inconsistent rulings, several multi-judge counties delegate to a single judge or group of judges all decisions regarding cases that have been referred to arbitration. See, e.g., Allegheny County R.Civ.P. *303 G; Phila.Ct.R.

The purposes underlying compulsory arbitration and summary judgment are, moreover, not so inconsistent as to warrant deferral of one procedure to the other. Our Supreme Court has recognized that compulsory arbitration, enabled by statute and implemented by local rule, helps "[r]emov[e] smaller claims from the [trial] lists," thus "pav[ing] the way for the speedier trial of actions involving larger amounts ..., mak[ing] it possible for the immediate disposition of the smaller claims ..., and free[ing] courts for the speedier performance of other judicial functions." *Smith Case,* 381 Pa. 223, 229, 112 A.2d 625, 629 (1955). Summary judgment procedures are likewise designed to aid the court and the parties to resolve those clearest of cases that present no genuine need for trial and are capable of resolution as matters of law. *See, e.g., Amabile v. Auto Kleen Car Wash,* 249 Pa. Superior Ct. 240, 376 A.2d 247 (1977). Accordingly, we hold that the lower court properly entertained appellee's motion for summary judgment during the pendency of compulsory arbitration proceedings.

■ Appellant contends next that summary judgment was inappropriate because his deposition, answers to interrogatories, and doctor's report establish a genuine issue of material fact as to whether he had suffered a medically determinable physical impairment preventing him from performing his customary activities for more than sixty consecutive days.[4]

180. In this case, from Allegheny County, one judge referred the matter to arbitration and another judge resolved the previously filed summary judgment motion. It does not appear from the record that this division of responsibilities violated the local rule.

4. Appellee contends that appellant has waived this issue because he did not raise it in timely exceptions. Rule 302(a) of the Pennsylvania Rules of Appellate Procedure does not specify any particular vehicle for preserving issues, but merely requires that all issues be raised below, and mandates that issues not preserved be deemed waived. We are satisfied that this record adequately shows that the issue has been preserved for appellate review. Paragraph five of appellant's complaint specifically avers that appellant had suffered "injuries ... result[ing] in physical impairment which prevented [him] from performing all or substantially all of the material duties which constitute his usual and customary activities for more than sixty (60) consecutive days." Paragraph nine of appellee's motion for summary judg-

Under the Pennsylvania No-fault Motor Vehicle Insurance Act, Act of July 19, 1974, P.L. 489, No. 176, Art. III, § 301(a)(5)(C), 40 P.S. § 1009.301(a)(5)(C), appellant could bring this tort action for his personal injuries arising out of the maintenance or use of an automobile only if his medically determinable physical impairment prevented him from performing substantially all of his customary activities for more than sixty consecutive days. In *Widziszewski v. Mashuda Corp.,* 288 Pa. Superior Ct. 191, 194–195, 431 A.2d 353, 355 (1981), this Court stated:

> We cannot agree ... that "medically determinable" means the medical reports or bills have to indicate an inability to perform usual and customary activities. It is sufficient that medical treatment was received for an injury related to an accident. The legislative purpose in using the words "medically determinable" was to prevent abuse of this provision by individuals who suffered no injury, and required no medical attention, but desired to use their own self-serving statements concerning inability to perform their usual and customary activities to defeat the intent to the Act to abolish tort liability.

The treating physician's report, included in the record, reveals that appellant had suffered lumbrosacral sprain and whiplash, was prescribed muscle relaxant drugs, pain-killers, ultrasound treatments, and massage, and was instructed to wear a neck collar. Appellant's course of treatment encompassed twelve office visits over a three week period starting

ment directly attacked that allegation, and the lower court's opinion squarely addressed that issue.

We realize, nonetheless, that some appellate issues arising from summary judgment proceedings, by their very nature, may not be so clearly focused by the pleadings and the summary judgment motion. However, Pa.R.Civ.P. 1035, governing summary judgment procedure, contemplates neither the filing of an answer to the motion for summary judgment, *see* Goodrich-Amram 2d § 1035 (1976), nor the filing of exceptions after an adverse decision on the motion. *Cf.* Pa.R.Civ.P. 1038(d) (exceptions after nonjury trial). Although there appears to be a gap between the preservation requirements of Pa.R. A.P. 302(a) and the current summary judgment practice under Pa.R. Civ.P. 1035, any response to the anomalous situation is wholly within the province of our Supreme Court and its various procedural rules committees.

on the day of the accident. Appellant testified at his deposition that he had no prior back problems, that back pain and stiffness arose after the accident, and that the pain and stiffness prevented his return to work as a truck driver and a laborer during and after the treatment. Appellant also testified that he remained unemployed for forty-seven weeks after the accident, and that, upon his return, his ability to lift boxes was still impaired. Appellant admitted, however, that he returned to work only after encountering difficulty in collecting workmen's compensation payments. We are satisfied that the record establishes the existence of a genuine issue of fact as to whether he had suffered a medically determinable physical impairment. Additionally, viewing the record in the light most favorable to appellant as the non-moving party. *See, e.g., Schacter v. Albert,* 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968), there appears to be a genuine issue as to a material fact—whether his impairment prevented his performance of substantially all of his customary activities for more than sixty consecutive days. It may be, as appellant suggests, that he was unable to return to work. It might be, however, that appellant malingered. "[I]n passing upon a motion for summary judgment, *it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried* and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment." *Juarbe v. City of Philadelphia,* 288 Pa. Superior Ct. 330, 334–335, 431 A.2d 1073, 1075 (1981), quoting *Bollinger v. Palmerton Area Communities Endeavor, Inc.,* 241 Pa. Superior Ct. 341, 350, 361 A.2d 676, 680 (1976) (emphasis in original). *See also Amabile v. Auto Kleen Car Wash, supra* 249 Pa. Superior at 243–247, 376 A.2d at 249–51. The credibility of appellant's testimony, the only evidence substantiating the causal connection between his injuries and disability, is exclusively for the finder of fact to assess. *See Nanty-Glo Boro. v. American Surety Co.,* 309 Pa. 236, 163 A. 523 (1932); *Kent v. Miller,* 222 Pa. Superior Ct. 390, 294 A.2d 821 (1972). In granting summary judgment, the lower court resolved disputed facts rather

than deciding whether there was a disputed issue of fact. Accordingly, it should not have granted summary judgment.

Reversed and remanded.

JOHNSON, J., concurs in result.