■ DONALD MAXWELL et al., Respondents, v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered March 9, 1982 in Albany County, which denied defendant's motion for leave to serve a proposed amended answer and denied plaintiffs' cross motion to strike defendant's affirmative defense and grant summary judgment to plaintiffs. On December 30, 1977, Donald Maxwell was operating an automobile on the Albany-Shaker Road in the Town of Colonie when the vehicle left the highway. As a result of the accident Donald was rendered unconscious and remained in a comatose or semicomatose condition until his death on January 10, 1981. The automobile which he was driving was insured in the name of Donald's wife, Patricia, by a policy issued by defendant State Farm Mutual Automobile Insurance Company which contained the mandatory personal injury protection indorsement required by article 18 of the Insurance Law. Defendant was provided with notice of the accident by plaintiffs on January 3, 1978 and soon thereafter forwarded the appropriate no-fault benefits application forms to the Maxwells. However, on January 18, 1978, upon learning from the police accident report that Mr. Maxwell had been cited for violating subdivision 3 of section 1192 of the Vehicle and Traffic Law, defendant informed Mrs. Maxwell that she would have to provide defendant with the blood alcohol test results from the blood withdrawn from Mr. Maxwell after the accident. On or about February 1, 1978, Mrs. Maxwell's retained attorney advised defendant that he sought recovery of no-fault benefits for his client, and that neither he nor Mrs. Maxwell had any knowledge of tests having been taken. An extensive exchange of correspondence followed wherein defendant demanded the release of the results of the blood test and plaintiffs sought the payment of the policy benefits or alternately a formal response of denial thereof, and when these procedures proved fruitless, the Maxwells, on July 13, 1978, commenced the instant action by service of a summons and complaint. Defendant promptly answered alleging as an affirmative defense the failure to co-operate as required by the terms of the policy. There was no further activity of consequence until sometime in March of 1981 when defendant successfully moved for an order directing plaintiff Mrs. Maxwell to reveal the blood test results which demonstrated Mr. Maxwell's blood alcohol content to have been .21%. Thereafter, defendant

served a notice of disclaimer upon Mrs. Maxwell and on September 3, 1981 moved pursuant to CPLR 3025 (subd [b]) for leave to file an amended answer on the ground of newly discovered evidence, i.e., the blood test results. Mrs. Maxwell cross-moved for an order striking the original defense and for denial of the application to amend the answer and for summary judgment in her favor. Special Term denied both motions thus giving rise to this appeal by defendant. At the outset, we reject Mrs. Maxwell's contention that defendant's application to amend was untimely for she was acutely aware of the fact, at all times, that defendant was seeking the blood test results, and no prejudice to her was demonstrated (cf. *Merchants Nat. Bank & Trust Co. of Syracuse v Duplex Truck & Equip. Sales,* 33 AD2d 988). As defendant contends, CPLR 3025 is to be liberally construed and leave to amend freely given. However, a pleading which is totally devoid of merit should not be allowed (*Taylor v Taylor,* 84 AD2d 947; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025:11, p 481). Such is the case at bar where there is no merit to the defenses sought to be imposed. While subdivision 2 of section 672 of the Insurance Law (all references hereafter to Insurance Law) provides that an insurer *may* exclude from coverage one who is injured as a result of operating a motor vehicle while in an intoxicated condition *or* while his ability to operate such vehicle is impaired by the use of a drug, the provision is clearly optional. For some inexplicable reason, in authoring the relevant exclusion in the policy upon which it relies for its affirmative defenses, defendant provided an exclusion from coverage for injury sustained by "any person as a result of operating a motor vehicle while in an intoxicated condition *and* [emphasis added] while his ability to operate such vehicle is impaired by the use of a drug". Written instruments are to be construed by the courts (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169) and this is obviously so where, as here, there is no ambiguity (*Bethlehem Steel Co. v Turner Constr. Co.,* 2 NY2d 456). A long and well-established rule of construction provides that words are to be given their ordinary meaning (*Long Is. R. R. Co. v Interboro Mut. Ind. Ins. Co.,* 84 AD2d 809). The exclusionary language herein is clearly plain and unambiguous and, in the exercise of reason, susceptible to but one interpretation. By its use of the conjunctive "and" in place of the disjunctive "or", defendant's exclusion does not come into play unless the driver is both intoxicated and impaired by the use of a drug. That defendant may have actually intended something different is of no consequence, for the court must determine "what is the intention of the parties as derived from the language employed" (4 Williston, Contracts [3d ed], § 600, p 280). There being no mention or allegation that Mr. Maxwell's ability was impaired through the use of a drug, the exclusion does not apply and the proposed amendments are meritless and insufficient as a matter of law. Lastly, we also conclude that the affirmative defense, i.e., lack of co-operation, pleaded in the original answer, is likewise without merit inasmuch as this action is one to recover under the so-called no-fault insurance law. Since article 18 of the Insurance Law is in derogation of the common law which required a finding of fault as a prerequisite to recovery, it is to be strictly construed to avoid abrogating the common law beyond the clear impact of the statutory language (McKinney's Cons Laws of NY, Book 1, Statutes, § 301) and is to be read narrowly (*Matter of Bayswater Health Related Facility v Karagheuzoff,* 37 NY2d 408, 414; cf. *Rocha v State of New York,* 45 AD2d 633). Unlike section 167, which is concerned with "liability insurance", section 672 of article 18 deals with "no-fault insurance", and notably absent therefrom is any mention of exclusion for the insured's failure to co-operate. To extend article 18 so as to include therein the insured's failure to co-operate as a defense would be to disregard long-established rules of construction and would constitute an unwarranted infringement upon the legislative process. Accord-

ingly, while Special Term properly denied defendant's motion for leave to serve the proposed amended answer, it should have granted plaintiffs' motion to strike defendant's original defense of the insured's failure to co-operate and granted summary judgment to plaintiffs. Order modified, on the law, by reversing so much thereof as denied plaintiffs' cross motion for summary judgment, and cross motion granted; matter remitted to Special Term solely on the question of damages and, as so modified, affirmed, with costs to plaintiffs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.