■ JUDY MOTLEY, as Parent and Natural Guardian of ANTONYON MOORE, an Infant, Respondent, v DANIEL OLIVERI, Appellant. — Appeal from a corrected order and judgment of the Supreme Court in favor of plaintiff, entered August 19, 1983 in Albany County, upon a verdict rendered at Trial Term (Connor, J.). ¶ Plaintiff, a six-year-old child, was struck by defendant's vehicle while crossing at an intersection and incurred injuries to his right knee. He was taken by ambulance to the hospital where Dr. Myung Kim, the attending physician, concluded that plaintiff had ruptured quadriceps of the right knee as a result of the accident. Defendant seeks reversal of the judgment granted plaintiff after a jury trial on the ground that plaintiff failed to sustain proof that he suffered a serious injury as defined in subdivision 4 of section 671 of the Insurance Law. ¶ Plaintiff contends that the threshold requirement of whether he sustained a serious injury was met by him in that the record indicates that he suffered a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all the material acts which constitute a person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment, as required by subdivision 4 of section 671 of the Insurance Law. ¶ The evidence consisted of a hospital record which indicated that, in the treating physician's medical opinion, plaintiff had ruptured quadriceps of the right knee and that he had suffered a permanent partial disability from the accident. Plaintiff and his mother testified to his injury, pain and disability. It was disclosed that plaintiff initially spent several hours in the emergency room and, a week later, two and one-half days in the hospital, where blood fluid was aspirated from his swollen knee and a cast applied to his leg for a two-week period. He was unable to walk without the aid of crutches thereafter until March 1, 1979. Plaintiff testified that he could not enjoy the active, physical pursuits he normally engaged in until March 1, 1979, when he became able to bear weight on his leg and could walk without crutches. He did, however, attend school from September, 1978 aided by his crutches. ¶ We find that the evidence adduced by plaintiff was sufficient to make out a prima facie case. The purpose of no-fault automobile reparations is to keep minor injury cases out of court. Use of the words "substantially all" in subdivision 4 of section 671 has been construed to mean that a "person has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" (*Licari v Elliott,* 57 NY2d 230, 236). It must also be proven that the disability existed for at least 90 days of the 180 days immediately after the accident. The record supports such findings. ¶ Order and judgment affirmed, without costs. Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Main, J. P., dissents and votes to reverse in the following memorandum. Main. J. P. (dissenting). I respectfully dissent. There is insufficient medical evidence to demonstrate that this infant plaintiff suffered a serious injury as defined by subdivision 4 of section 671 of the Insurance Law. The order and judgment should be reversed and the complaint dismissed.