■ GEORGE M. KATZMAN et al., Respondents, v EUGENE A. DEROUIN et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: On appeal from a denial of their motion for summary judgment dismissing the complaint on the ground that plaintiff, Annette Katzman, did not suffer a "serious injury" under Insurance Law § 5102 (d) (formerly § 671 [4]), defendants concede that there is a triable issue as to whether the injuries to plaintiff's left thumb, hand and wrist meet the threshold (*see, Licari v Elliott,* 57 NY2d 230). They argue, however, that partial summary judgment should have been granted limiting the proof to the foregoing injuries to the exclusion of other injuries (neck, back and urinary tract) incurred in the same accident which would not, if taken alone, pass the threshold. We disagree. There is nothing in the statute, in the policies underlying its enactment, or in the case law giving support to defendant's position. Article 51 of the Insurance Law is in derogation of the right to sue for injuries at common law (*see, Montgomery v Daniels,* 38 NY2d 41, 58) and must be

strictly construed (*see, Maxwell v State Farm Mut. Auto. Ins. Co.,* 92 AD2d 1049, 1050; McKinney's Cons Laws of NY, Book 1, Statutes § 301). Had the Legislature intended to permit trial of only those injuries which, standing alone, can meet the threshold, it would have included language to that effect in the statute. (Appeal from order of Supreme Court, Jefferson County, Lawton, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.