## Frey v. Second Ward Fire Company

*David A. Martino,* for plaintiff.
*Joseph F. Leeson,* for defendants.

WILLIAMS JR., *P.J.,* March 24, 1986 — Presently before the court is a motion for summary judgment filed by defendants Second Ward Fire Company and borough of Bangor. Counsel have submitted briefs and, after careful review of the record compiled in this matter, we find the following to be relevant.

This action arose as a result of personal injuries sustained by plaintiff Milton Frey on December 18, 1983. On that date, defendant Second Ward Fire Company responded to a fire call, on behalf of the borough of Bangor, in the vicinity of Pennsylvania Avenue in Bangor. A fire truck owned by defendants was positioned approximately two blocks from the scene of the blaze for the purpose of pumping water to the fire from a nearby hydrant.

Plaintiff was allegedly standing in the vicinity of the hydrant when a coupling which connects a 2½-inch hose to the fire truck disconnected, releasing water from the pumper at a pressure of 140 P.S.I. (pounds per square inch).

Plaintiff contends that an excess pressure buildup was created by the negligence of defendant Second Ward Fire Company and its agents, which caused the coupling to disconnect. Defendants

deny plaintiff's allegations of negligence, averring that the pressure never exceeded 140 P.S.I., that there was never any request to reduce the water pressure and that the firefighters at the scene were in the process of shutting off the water when the alleged injury occurred.

Plaintiff instituted an action for damages on September 12, 1985. Defendants' answer denied any negligent conduct on the part of either defendant, and asserted, by way of new matter, the defenses of comparative negligence and governmental immunity. The motion for summary judgment presently before this court is based upon the latter of these defenses.

In considering defendants' motion for summary judgment, we must look to Pa.R.C.P. 1035(b), which directs a court to enter summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Such judgment 'is to be entered only in clear cases when there is no doubt as to the absence of a triable issue of fact, *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982); *Community Medical Services of Clearfield Inc. v. Local 2665, AFSCME*, 292 Pa. Super. 238, 242, 437 A.2d 23, 25 (1981), and all doubts as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Thorsen v. Iron and Glass Bank*, 238 Pa. Super. 135, 141, 476 A.2d 928, 930-931 (1984); *Williams v. Dobransky*, 304 Pa. Super. 483, 450 A.2d 1015 (1982). Such a determination precludes, by its very nature, a full trial on the merits and so should be exercised sparingly.

The motion presently before the court requires us to determine whether plaintiff's injuries occurred as a result of one of the eight statutory exceptions to governmental immunity enumerated in 42 Pa.C.S. §8542(b). The parties have agreed that the borough is a local agency within the meaning of that term as defined in the Political Subdivision Tort Claims Act, that the fire company is an employee of the borough within the meaning of that term as defined in the act, and that exceptions numbered 2, 3, 4, 6 and 8 have no application to the present case. We therefore only need address exceptions 1, 5 and 7.

We begin by reviewing the statute applicable to governmental immunity. 42 Pa.C.S. §8541 provides that:

"[N]o local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

Section 8542 qualifies that rule by imposing liability upon a local agency if:

"(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of immunity, and

"(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties, and

"(3) The injury occurs as a result of one of eight statutorily-enumerated acts."

We note that section 8542 is written in the conjunctive; thus all three criteria must be met in order for a plaintiff to have a viable cause of action against a local agency or its employee.

In the present case, the monetary damages requested by plaintiff for past and future medical

treatment and for past and future lost wages are recoverable in this commonwealth. Plaintiff has therefore met the first criterion.

Secondly, plaintiff must demonstrate that his injuries were caused by the negligent acts of defendants. Whether defendants were in any way negligent is a disputed factual matter, which for purposes of this motion will be resolved in favor of the nonmoving party.

Plaintiff's final burden is to show that his injuries occurred as a result of one of the eight statutory exceptions enumerated in section 8542(b). The parties have agreed that exceptions 2, 3, 4, 6 and 8 are inapplicable and, although plaintiff argues that exceptions 5 and 7, relating to utility service facilities and sidewalks, expose defendants to liability, they are clearly inapplicable to the record in this case.

Exception 1 provides for the imposition of liability on a local agency for:

"Vehicle liability — The operation of any motor vehicle in the possession or control of the local agency. As used in this paragraph, "motor vehicle" means any vehicle which is self-propelled and any attachment thereto, including vehicles operated by rail, through water or in the air."

The term "operation" has been interpreted to mean more than merely "driving." *Commonwealth v. Matsinger*, 288 Pa. Super. 271, 431 A.2d 1043 (1981). Thus, "it is not necessary that the vehicle itself must be in motion but that it is sufficient if the operator is in actual physical control of the movements of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." *Commonwealth v. Kallus*, 212 Pa. Super. 504, 508, 243 A.2d 483, 485 (1968). In addition, the statute exempts from governmental immunity "the operation of . . . any attachment. . . ." to a motor ve-

hicle. There can be neither a legal nor a factual question that the machinery of a fire engine intrinsic to its operation is an "attachment thereto" and that judgment must therefore be denied.

Wherefore we enter the following

## ORDER

And now, this March 24, 1986, defendants' motion for summary judgment is denied and dismissed.