OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed, without costs, and matter remanded for a new trial on the issue of damages only.
In the first part of the trial the jury found defendants 100% responsible for the accident and defendants do not appeal as to liability. The issues in the second part of the trial were whether plaintiff suffered a serious injury as defined by Insurance Law former § 671 (4) (now Insurance Law § 5102 [d]), and if so, the amount of damages.
The statute lists nine alternative aspects of serious injury. The trial court properly selected five of these for determination by the jury in the form of five corresponding interrogatories. The jury answered "no” to questions 1 to 4, "yes” to question 5, and then, in an answer to question 6, awarded damages of $75,000. The fifth question as to one of the multiple definitions of serious injury, based word for word on the relevant part of the statute, was as follows: "[W]hether, as a result of the accident involved in this case the plaintiff has suffered a medically determined injury or impairment of a non-permanent nature which prevente the injured person from performing substantially all of the material acts which constitute such person’s usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.” The portion of the charge wherein the court read the fifth question to the jury was followed by an explanation, the relevant part of which was as follows:
"Plaintiff must prove by a preponderance of the credible evidence that:
"A — There was a medically determined injury and,
"B — That the impairment prevented her from performing substantially all of the material acts of her customary daily activities and
"C — That the incapacity lasted for at least 90 days out of the first 180 days immediately following the injury * * *
"If you find that the Plaintiff has failed to prove any one of *1014 the three elements which I have given you, your answer to the question would be 'No.’ If, on the other hand, the Plaintiff has proven each of the three elements, your answer to the question would be 'Yes.’ That’s with respect to definition Number 5.”
Defendants excepted to this portion of the charge and thereafter unsuccessfully moved to set the verdict aside.
Defendants admit that plaintiff adduced evidence that she suffered medically determined injuries as a result of the motor vehicle accident. However, they contend that since there was no medical proof of disability during 90 of the first 180 days following the occurrence of the injury she failed to present a prima facie case. Appellants’ essential argument is that the adjectival phrase "medically determined” as it appears in the statute modifies not only the injury but also the inability of plaintiff to perform customary daily activities for 90 of the first 180 days. Appellants argue that a contrary interpretation would open the floodgates to subjective claims of disability where a person injured in an automobile accident received medical treatment for the slightest of injuries, and that this would be contrary to the legislative intent to contain the cost of automobile insurance.
We disagree. The No-Fault Law is in derogation of the common-law right to sue for tort damages and "it is to be strictly construed to avoid abrogating the common law beyond the clear impact of the statutory language * * * and is to be read narrowly” (Maxwell v State Farm Mut. Auto. Ins. Co., 92 AD2d 1049, 1050; see also, Katzman v Derouin, 109 AD2d 1086). We agree with the holding in Motley v Oliveri (103 AD2d 988), to the effect that "medically determined” applies to "injury or impairment” but not to the period of disability. We note that this was the agreed focused issue as stated in the appellate briefs of both parties in Motley, where the court held for the plaintiff (see also, Widziszewski v Mashuda Corp., 288 Pa Super 191, 431 A2d 353). As to the argument that the failure to require medical proof of the statutory period of disability would open the "floodgates” to minor claims of transient or subjective injuries, we note that the court must still decide, as a threshold determination, whether plaintiff has shown enough to establish a prima facie case of serious injury (Licari v Elliott, 57 NY2d 230). Further, the plaintiff would still have the burden of proving that as a result of the medically determined injury she was disabled in the manner and for the duration specified in the statute. Our review of the *1015 record demonstrates that plaintiff met the Licari threshold and that there was sufficient evidence to support the jury determination that the injuries prevented her from performing substantially all of her daily activities for not less than 90 days during the first 180 days following the accident.
We nevertheless reverse and remand for new trial. Immediately following the accident plaintiff was taken to the emergency clinic at Coney Island Hospital; she was admitted to the hospital and remained there for 12 days. In the succeeding six months she was treated by two physicians whose offices were in Brooklyn, near where she resided. Shortly thereafter she moved to Levittown whereupon she stopped treatment with these physicians and began treatment with local physicians. Defendants requested a missing witness charge as to the Brooklyn physicians since they were not called as witnesses by plaintiff (see, PJI 1:75). The court refused. In our view this was reversible error. As stated in Chandler v Flynn (111 AD2d 300, 301-302), while " 'former treating physicians * * * may be neither under the control of the party nor willing to provide testimony favorable to the patient who left them to go to other doctors’ * * * [t]he burden is on the party opposing the [missing witness] inference to show that the witness is not available or under her 'control’ ”. Here plaintiff did not meet this burden. Her testimony established that her cessation of treatment with the Brooklyn doctors was due to her moving to Levittown and not to dissatisfaction with their medical expertise. This would appear to negate the possibility that "there were any circumstances which would create the type of hostility or ill will which would justify the failure to call [them]” (Chandler v Flynn, 111 AD2d 300, 302, supra). Further, it is evident that these physicians were in a position to give singular and not cumulative evidence not only as to the probable duration of disability caused by her medically proven injuries but also as to the quantum of damages (cf., Oswald v Heaney, 70 AD2d 653).
Accordingly, the judgment should be reversed and a new trial ordered.
Kassoff, P. J., Lerner and Williams, JJ., concur.