■ DONNA KELLER, Respondent, v DANIEL TERR et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Nassau County (Murphy, J.), entered November 1, 1989, which, upon a ruling granting the plaintiff judgment as a matter of law on the issue of liability, and which, upon a jury verdict, found that the plaintiff sustained serious injury of a nonpermanent nature and that she suffered damages in the amount of $50,000, is in favor of the plaintiff and against them in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

On appeal, the defendants contend, *inter alia,* that the plaintiff failed to make a prima facie showing of serious injury, and that, as a result, the complaint should be dismissed. The issue of whether the plaintiff has made a prima facie showing of having sustained a serious injury is one for the court in the first instance *(see, Licari v Elliott,* 57 NY2d 230, 237). We find that the Supreme Court incorrectly determined that the plaintiff satisfied the requirements of Insurance Law § 5102 (d) and § 5104 (a), since the record fails to demonstrate that the plaintiff suffered from a medically-determined injury which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for at least 90 of the 180 days following the occurrence of the alleged injuries.

The plaintiff saw two doctors during the six-month period following the automobile accident from which this complaint arises. One of these doctors, a neurologist, testified that his only knowledge of the plaintiff's disability during that period was based on what the plaintiff's attorney told him. The second, a dentist, testified that he examined the plaintiff, finding spasms and inflammation of the jaw. The testimony of the dentist, however, failed to establish that the plaintiff was curtailed from performing her usual activities to a great extent *(see,* Insurance Law § 5102 [d]; *Licari v Elliott, supra).* The plaintiff's third expert witness a chiropractor, testified that he was unable to determine what the plaintiff's disability would have been during the six-month period following the occurrence of the alleged injuries, since he did not examine the witness until two years later. As a result, the plaintiff failed to make a prima facie case showing serious injury within the statutory requirements *(see,* Insurance Law § 5102 [d]; *see also, Waldman v Dong Kook Chang,* 175 AD2d 204).

Accordingly, we reverse the judgment, and dismiss the complaint (see, Insurance Law § 5104 [a]).

In light of our determination, we decline to address the defendants' remaining contentions. Bracken, J. P., Harwood, Eiber and Rosenblatt, JJ., concur.