632 A.2d 1281

ALBERT O. AMAECHI, PLAINTIFF, v. LOUISE E. CLARK
AND ROOSEVELT TYLER, DEFENDANTS.

MARLENE V. AMAECHI AND ALBERT AMAECHI,
PLAINTIFFS, v. LOUISE E. CLARK AND
ROOSEVELT TYLER, DEFENDANTS.

LOUISE E. CLARK, PLAINTIFF, v. ROOSEVELT
TYLER, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided June 25, 1993.

*Steven D. Cahn,* for plaintiff Louise E. Clark (*Rubin, Rubin, Malgran, Kaplan, & Kuhn,* attorneys).

*Peter T. Melnyk,* for defendant Roosevelt Tyler (*Hack, Piro, O'Day, Merklinger, Wallace & McKenna,* attorneys).

## *OPINION*

MENZA, J.S.C.

The defendants move for summary judgment, contending that the plaintiff, Louise E. Clark, has failed to meet category nine of the verbal threshold, *N.J.S.A.* 39:6A–8(a) (disability for ninety days).

The plaintiff was injured in an automobile accident on December 13, 1991. Her doctor diagnosed her condition as a "post-traumatic injury" (sprain and strain) to the neck, chest, lower back, left calf and left knee. A consulting physician render a diagnosis of lumbar radiculopathy. The plaintiff contends that she meets

category nine of the verbal threshold [1] because she became disabled as a result of her injuries and was unable to work from December 19, 1991, to July 7, 1992.[2] The plaintiff has not submitted medical proofs to establish that her disability was caused by her injuries.

The no fault statute provides that the verbal threshold is met where there is:

> a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment [category nine].

[*N.J.S.A.* 39:6A–8(a).]

It is obvious that the plain language of the statute requires proof of a causal relationship between the "medically determined injury" and the claimant's disability. The defendants argue that this causal relationship must be proved by medical evidence and that the plaintiff's failure to produce such evidence requires this court to grant summary judgment in their favor.

The plaintiff disagrees, and argues that she is not required to submit medical proofs of causation. She contends that the fact that she certified that she lost time from work due to her injuries, coupled with the fact that her doctor has concluded that she had sustained an injury, is sufficient evidence for a jury determination on the question of whether the plaintiff has satisfied the category nine criteria of the no fault law. The issue, then, is whether medical evidence of causation is required under category nine of the verbal threshold.

---

[1] There is no indication in the medical reports that the plaintiff sustained a permanent consequential limitation of use of a body organ or member (category seven) or that she suffered a significant limitation of use of a body function or system (category eight).

[2] The plaintiff was employed as a supervisor at the State Mental Retardation Residence, Woodbridge Developmental Center.

Although there are no New Jersey cases on point, there are cases from other jurisdictions which have addressed this issue.

The New York case of *Shiner v. Insetta*, 137 *Misc.*2d 1012, 525 *N.Y.S.*2d 982 (App.Term.1987), stands for the proposition asserted by the plaintiff.

Defendants admit that plaintiff adduced evidence that she suffered medically determined injuries as a result of the motor vehicle accident. However, they contend that since there was no *medical* proof of disability during 90 of the first 180 days following the occurrence of the injury she failed to present a prima facie case. Appellants' essential argument is that the adjectival phrase "medically determined" as it appears in the statute modifies not only the injury but also the inability of plaintiff to perform customary daily activities for 90 of the first 180 days. Appellants argue that a contrary interpretation would open the floodgates to subjective claims of disability where a person injured in an automobile accident received medical treatment for the slightest of injuries, and that this would be contrary to the legislative intent to contain the cost of automobile insurance.

We disagree. The no-fault law is in derogation of the common law right to sue for tort damages and "it is to be strictly construed to avoid abrogating the common law beyond the clear impact of the statutory language ... and is to be read narrowly." We agree with the holding in *Motley v. Oliveri*, 103 A.D.2d 988, 479 N.Y.S.2d 581, to the effect that "medically determined" applies to "injury or impairment" but not to the period of disability.... As to the argument that the failure to require medical proof of the statutory period of disability would open the "floodgates" to minor claims of transient or subjective injuries, we note that the court must still decide, as a threshold determination, whether plaintiff has shown enough to establish a prima facie case of serious injury.... Further, the plaintiff would still have the burden of proving that as a result of the medically determined injury she was disabled in the manner and for the duration specified in the statute.

[*Id.* at 983–984, 479 *N.Y.S.*2d 581 (citations omitted).]

A Pennsylvania court reached a similar conclusion. In *Widziszewski v. Mashuda Corp.*, 288 *Pa.Super.* 191, 431 A.2d 353 (1980), the court stated:

We cannot agree with the trial court that "medically determinable" means the medical reports or bills have to indicate an inability to perform usual and customary activities. It is sufficient that medical treatment was received for an injury related to the accident. The legislative purpose in using the words "medically determinable" was to prevent abuse of this provision by individuals who suffered no injury, and required no medical attention, but desired to use their own self-serving statements concerning inability to perform their usual and customary activities, to defeat the intent of the Act to abolish tort liability.

[*Id.* at 355.]

In the case of *Williams v. Dobransky*, 304 *Pa.Super.* 483, 450 A.2d 1015 (1982), the court cited and agreed with the holding in *Widziszewski*. In that case, the defendant moved for summary judgment arguing that the plaintiff's assertions of disability without medical proofs of causation were insufficient to satisfy the threshold requirement. The court denied the motion, holding that medical proofs of causation were not necessary and that the issue of disability could be presented to the jury based only on the plaintiff's assertion of disability. The court stated: "The credibility of appellant's [plaintiff's] testimony, the only evidence substantiating the causal connection between his injuries and disability, is exclusively for the finder of fact to assess." *Id.*, 450 A.2d at 1017–1018.

In the case of *Bushman v. Halm*, 798 *F.*2d 651 (3d Cir.1986), the court, addressing the prior monetary threshold statute which required either medical expenditures of at least $200 or a permanent injury, reached a similar conclusion. In that case, the trial court granted the defendant's motion for summary judgment because the plaintiff had failed to submit medical proofs connecting his injuries to his claimed permanent disability. The appellate court reversed, holding that the plaintiff's medical proofs, coupled with his subjective complaints, were sufficient to create an issue of fact for a jury to determine. It stated:

> Plaintiff has adequately drawn into question the objective nature of his pain and suffering through his own sworn statements. The pain and suffering plaintiff experienced immediately after the accident is directly linked to objectively identifiable symptoms of soft tissue injury verified in the medical evidence. Thus, the lower court erred when it concluded that plaintiff's injuries were "not obviously related to an identifiable injury."

> While plaintiff's credibility may be challenged by opposing counsel at trial, it is not the function of the court to assume the role of the fact finder upon summary judgment.

[*Id.* at 660 (citations omitted).]

Some New York cases have required medical proofs to causally relate a plaintiff's injury to the alleged disability. In *Gootz v.*

*Kelly,* 140 *A.D.*2d 874, 528 *N.Y.S.*2d 446 (1988), the court held on a summary judgment motion that the evidence precluded a finding that the plaintiff was prevented from performing substantially all her daily routines for a period of 90 days. The court reasoned: "[T]he limitations described by the plaintiff are not supported by her physician's reports. Plaintiff's subjective complaints of pain are not sufficient to establish a disability preventing the performance of routine activities." *Id.* at 448.

In *Keller v. Terr,* 176 *A.D.*2d 921, 575 *N.Y.S.*2d 534 (1991), the court held that the plaintiff's trial proofs failed to demonstrate that her injury prevented her from performing her usual and customary activities for at least ninety days.

> The plaintiff saw two doctors during the six-month period following the automobile accident from which this complaint arises. One of these doctors, a neurologist, testified that his only knowledge of the plaintiff's disability during that period was based on what the plaintiff's attorney told him. The second, a dentist, testified that he examined the plaintiff, finding spasms and inflammation of the jaw. The testimony of the dentist, however, failed to establish that the plaintiff was curtailed from performing her usual activities to a great extent.... As a result, the plaintiff failed to make a prima facie case showing serious injury within the statutory requirements.

[*Id.* at 535.]

In *Costa v. Billingsley,* 127 *A.D.*2d 990, 512 *N.Y.S.*2d 947 (1987), the plaintiff claimed on a summary judgment motion that she was forced to resign from her job as a result of the head injury she had sustained. In support of her claim, the plaintiff submitted a physician's affidavit in which her doctor stated that the plaintiff had suffered a "routine post concussion syndrome," with no "significant intracranial pathology." The court concluded that the plaintiff had failed to establish proof of disability, stating:

> Plaintiff seeks to recover on the theory that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constitute her usual and customary daily activities for not less than 90 days during the 180 days immediately following the injury. However, plaintiff's complaints are entirely subjective and are unsupported by any competent medical evidence that plaintiff sustained injuries which confined her to bed and prevented her from carrying on her customary activities.... The subjective complaints of the plaintiff without medical

foundation are insufficient to establish a prima facie case of serious injury within the meaning of the Insurance Law

*[Id.* at 948 (citations omitted).]

In the New Jersey case of *Kelly v. Borwegen,* 95 *N.J.Super.* 240, 230 *A.*2d 532 (App.Div.1967), the court addressed the issue of when medical testimony is required to causally relate a plaintiff's disability to a specific injury. Although that case did not deal with the no fault threshold, it is nevertheless helpful in the determination of this case. In *Kelly,* the plaintiff testified at trial that as a result of the injuries she sustained in an automobile accident which had occurred three years prior, she continued to suffer pain and had difficulty sleeping, walking, climbing steps and breathing. The court held that in the absence of medical testimony causally relating the plaintiff's pain and sufferings to the accident, her subjective complaints were not in themselves sufficient to warrant a jury award for permanent disability. The court stated:

A plaintiff must prove by a preponderance of the evidence that his injuries were causally related to the accident in question. . . .

" * * * where a claimed disability is the natural result of the injuries sustained, the jury may, without expert opinion, find that the injuries caused such disability. However, when an injury is such as to require skilled men to determine its cause and extent, the question is one of science, and must be established by skilled professional persons." 25A *C.J.S. Damages* § 162(5), p. 91.

We believe that here, where much of the claim of pain and suffering for three years after the accident is subjective and not obviously related to an identifiable injury, expert testimony was required to prove causation.

*[Id.* at 243–244, 230 *A.*2d 532.]

The great bulk of category nine cases involve strain and sprain to various parts of the body, particularly in the cervical and lumbar areas. Generally, because such injuries vary dramatically in their severity, and affect claimants in different ways, a lengthy disability cannot automatically be said to be a natural result of these types of injuries. Put another way, a sprain or strain does not necessarily cause one to suffer a prolonged disability. This court sees no difference in the proofs which were required to prove the alleged permanent disability in *Kelly,* and those re-

quired to prove a temporary disability under the ninety day provision of the verbal threshold statute. If medical evidence is required to prove permanent disability in cases where the disability is not a natural result of the injuries, logic would dictate that they should also be required to prove a temporary disability which is also not a natural result of an injury. Therefore, under the reasoning of *Kelly*, proof of medical causation would normally be required in these types of "soft tissue" injuries.

There will of course be exceptional cases where it is clear, without medical proofs, that a sprain or strain has prevented a person from performing her or his usual and customary daily activities. An obvious case, for example, might be a classical pianist who sprains his or her wrist or an octogenarian who sustains a severe lumbosacral sprain. However, the great majority of cases involving strains and sprains would undoubtedly require medical proofs.

This court therefore respectfully disagrees with the decision of those courts which have held that a plaintiff's claim of disability should be submitted to the jury based only on the plaintiff's own testimony. To adopt this proposition would mean, in effect, that a plaintiff could defeat a summary judgment motion with the most trivial or minor injury—albeit a "medically determined" one—as long as the plaintiff certifies that he or she was disabled and substantially unable to perform usual and customary daily activities for a period of ninety days. In other words, if the plaintiff sustains a "medically determined injury" of any kind and asserts that she or he was disabled as a result, the claim would survive a summary judgment motion and require a jury determination. This interpretation invites fraud and totally undermines the purpose of the threshold statute, which is to insure that only an injury of some moment—an injury which impacts substantially on a claimant's life—should qualify for a threshold lawsuit.

In this case, the plaintiff's claim that she was unable to work for almost seven months is not obviously related to the sprain and strain she suffered as a result of the accident. This court there-

fore concludes that the plaintiff must provide medical testimony in order to prove that her disability was causally related to her injury. Because she has not submitted medical evidence to establish causation, the plaintiff has failed in the proofs required to meet the category nine threshold.

Motion granted.